[EDITORS' NOTE: THIS OPINION HAS BEEN WITHDRAWN.]
Stanley M. Thompson Ray County Prosecuting Attorney Ray County Courthouse Post Office Box 535 Richmond, MO 64085
Dear Mr. Thompson:
This opinion is in response to your question asking:
 Does RSMo § 50.515 authorize a third class county to impose an administrative fee, not to exceed three per cent (3%), upon revenues generated from sales tax imposed under RSMo § 67.700, which said sales tax was adopted for purposes of road and bridge construction, repairs, and other general road and bridge purposes?
Section 67.700, RSMo 1986, provides authorization for a county sales tax with the funds derived therefrom to be used for a capital improvement purpose, which in the question you have posed to us is for road and bridge construction, repairs, and other general road and bridge purposes. Section 67.700, RSMo 1986, provides in pertinent part:
 67.700. Sales tax for capital improvements may be imposed in certain counties, how — election procedure — revenue raised, how used — tax effective when — brackets to be established — rate of tax. — 1. Any county . . . may, by ordinance or order, impose a sales tax on all retail sales made in such county which are subject to taxation . . . for any capital improvement purpose designated by the county in its ballot of submission to its voters . . . .
* * *
 7. All revenue received by a county from the tax authorized by sections 67.700
to 67.727 which has been designated for a certain capital improvement purpose shall be deposited in a special trust fund and shall be used solely for such designated purpose. Upon the expiration of the period of years approved by the voters under subsection 2 of this section or if the tax authorized by sections 67.700 to 67.727 is repealed under section 67.721, all funds remaining in the special trust fund shall continue to be used solely for such designated capital improvement purpose. Any funds in such special trust fund which are not needed for current expenditures may be invested by the governing body in accordance with applicable laws relating to the investment of other county funds.
* * *
Section 67.706, RSMo 1986, provides for the collection and administration of sales taxes authorized in Section 67.700, RSMo 1986. Section 67.706, RSMo 1986, provides in pertinent part:
 67.706. Collection, administration and enforcement by director of revenue — rules and regulations. — On and after the effective date of any tax imposed under sections 67.700 to 67.727, the director of revenue shall perform all functions incident to the administration, collection, enforcement, and operation of the tax, and the director of revenue shall collect, in addition to all other sales taxes imposed by law, the additional tax authorized under sections 67.700 to 67.727 . . . .
Section 67.712.1, RSMo 1986, provides in pertinent part:
 67.712. Deposit — distribution to county, when — refunds authorized — annual audit and report on funds — tax repealed, effect. — 1. All sales taxes collected by the director of revenue under sections 67.700 to 67.727 on behalf of any county, less one percent for the cost of collection, which shall be deposited in the state's general revenue fund after payment of premiums for surety bonds as provided in sections 67.700 to 67.727, shall be deposited with the state treasurer in a special trust fund, which is hereby created, to be known as the "County Alternate Sales Tax Trust Fund". . . . The director of revenue shall keep accurate records of the amount of money in the trust fund which was collected in each county imposing a sales tax under sections 67.700
to 67.727, . . . . Not later than the tenth day of each month the state treasurer shall distribute all moneys deposited in the trust fund during the preceding month by distributing to the county treasurer, or such other officer as may be designated by the county ordinance or order, of each county imposing the tax authorized by sections 67.700 to 67.727, the sum, as certified by the director of revenue, due the county.
* * *
Section 50.515, RSMo 1986, provides:
 50.515. County governing body may impose administrative service fee, when, rate. — The governing body of any county may, by order of such governing body, impose an administrative service fee on the county park fund or the county road and bridge fund, or both such funds. Such administrative service fee shall only be imposed to recoup expenditures made from the county general revenue fund to provide administrative services to the county park fund or the county road and bridge fund, or both such funds, including, but not limited to, accounting, bookkeeping, legal services, auditing, investment control, fiscal management, and revenue collection. Any administrative service fee imposed under this section shall be imposed at a rate which will only generate revenue sufficient to recoup actual expenditures made from the general revenue fund of the county to provide administrative services to the fund against which such service fee is imposed, including both direct and indirect expenditures as determined by an independent audit; provided, that no administrative service fee shall exceed three percent of the total budget of the fund on which such fee is imposed.
Section 50.515 authorizes a county to impose an administrative service fee only on the county park fund or the county road and bridge fund, or both such funds. Section 50.515
does not authorize a county to impose an administrative service fee on the special trust fund in which the proceeds from the capital improvements sales tax are deposited.
A similar issue was considered in Missouri Attorney General Opinion Letter No. 104-87, a copy of which is enclosed. In that opinion letter, this office pointed out that counties, like other public corporations, can exercise only powers granted them by statutes in express words, those necessarily or fairly implied in or incident to powers expressly granted, and those essential or indispensable to declared objectives. Opinion Letter No. 104-87, page 9. When the legislature intends to allow a governmental entity to be paid a sum for administrative work relating to the handling of tax revenues, it has done so explicitly. Id. Section 50.515 does not include the special trust fund for capital improvements sales tax as a fund against which the three percent (3%) administrative fee may be imposed. Opinion Letter No. 104-87, page 10. In the absence of any statute authorizing the county to impose an administrative service fee on the special trust fund in which the proceeds from the capital improvements sales tax are deposited, we conclude the county may not impose such an administrative service fee. The fact that the sales tax collected pursuant to Section 67.700
is for purposes of road and bridge construction, repairs, and other general road and bridge purposes does not alter this conclusion.
CONCLUSION
It is the opinion of this office that Section 50.515, RSMo 1986, does not authorize a county to impose an administrative service fee on the special trust fund in which the proceeds from the capital improvements sales tax authorized by Section 67.700, RSMo 1986, are deposited even though the sales tax was adopted for purposes of road and bridge construction, repairs, and other general road and bridge purposes.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General
Enclosure: Opinion No. 104-87